CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 13 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| DOMINGO ROMERO MOLINA, | ) |
| | ) Criminal Action No. 5:03-CR-30053 |
| Petitioner | ) Civil Action No.: 5:10-CV-80246 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| UNITED STATES OF AMERICA, | ) By: Hon. James C. Turk |
| | ) Senior United States District Judge |
| Respondent | ) |

Petitioner, Domingo Romero Molina ("Molina"), proceeding *pro se*, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Molina rests his motion on (1) the ineffective assistance of counsel at trial for failing to move for dismissal of Count Two of the indictment based on insufficient evidence; and (2) the ineffective assistance of counsel after the conviction by appellate counsel for failing to properly litigate the issue of insufficient evidence on appeal.

Respondent filed a motion to dismiss to which Molina responded, making the matter ripe for the Court's consideration. Upon review of the submissions of the parties and the underlying criminal record, No. 5:03-cr-30053, the Court finds that Molina's petition is without merit. Accordingly, the Court finds that Respondent's motion to dismiss must be granted, and Molina's motion to vacate his sentence under 28 U.S.C. § 2255 must be denied.

I. **Factual Background and Procedural History**

Molina was charged in a two count indictment on June 4, 2003. Count One alleged that Molina conspired with others to distribute, and that he possessed with the intent to distribute, 500 grams or more of methamphetamines in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Count

Two alleged that Molina knowingly possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1). Following a four day jury trial, Molina was convicted on both counts of the indictment on January 21, 2004. During trial, Molina's counsel moved to dismiss Count Two of the indictment arguing that the evidence was insufficient. The Court denied the motion, Trial Tr. 477-79, Jan. 15, 2004, and the jury convicted Molina of both counts. The Court sentenced Molina to 248 months, 188 months on Count One and 60 months on Count Two. Molina then appealed to the Fourth Circuit, disputing the sentence for Count One of the indictment, and arguing there was insufficient evidence to uphold his conviction on Count Two of the indictment. Brief of Appellant at 2, *United States v. Molina*, No. 04-4787 (4th Cir. Aug. 25, 2005). On August 25, 2005, the Fourth Circuit, in a per curium opinion, remanded the case for resentencing on Count One, but affirmed Molina's conviction on Count Two, holding that his conviction was supported by sufficient evidence. *United States v. Molina*, 141 Fed.Appx. 220, 2005 WL 2053355 (4th Cir. Aug. 25, 2005) (per curium).

On remand, the District Court resentenced Molina to a total of 180 months—120 months for Count One and 60 months for Count Two. Molina filed a timely appeal following the resentencing. Molina's attorney further filed an *Anders* brief. Brief of Appellant at 4, *United States v. Molina*, No. 06-4695 (4th Cir. May 7, 2007). Molina argued that the District Court had once again miscalculated Molina's sentence and that newly discovered evidence warranted a new trial, *id.* at 2, though his counsel disclosed to the court that he believed the appeal to be without merit. *Id.* at 13. Molina did not file a *pro se* supplemental brief. *United States v. Molina*, 225 Fed.Appx. 194, 2007 WL 1317135 at *1 (4th Cir. May 7, 2007). On May 7, 2007, the Fourth Circuit upheld Molina's sentence and convictions, reaffirming its previous finding that sufficient evidence support the conviction on Count Two. *Id.* at *2. On February 4, 2009, the Fourth

Circuit granted Molina's motion to recall and reissue the mandate of the 2007 decision in *United States v. Molina*.

On May 4, 2010, Molina timely filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On June 11, 2010, the United States filed a Motion to Dismiss in response to Molina's Motion to Vacate. Molina responded on July 30, 2010.

## II. Standards of Review

### A. Section 2255 Motion

After conviction and exhaustion, or waiver, of any right to appeal, the Court can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). However, prisoners in federal custody may attack the validity of their convictions through a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Under § 2255, a prisoner in federal custody may challenge his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the petitioner must prove his allegations by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

### B. Motion for Summary Judgment

The United States' motion to dismiss is treated as a motion for summary judgment. The United States submitted materials outside of the pleadings, including a transcript and an affidavit from Bean. Molina also included a memorandum in support of his Motion to Vacate.[1] The

---

[1] The Court finds that an evidentiary hearing is unnecessary because the claims in the petition can be resolved on the basis of the present record. The availability of an evidentiary hearing in a § 2255 petition will be determined by

Court may consider a motion to dismiss submitted with additional affidavits or documents outside the pleadings as a motion for summary judgment governed by Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 12(d). Summary judgment is only proper where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the Court views the facts and inferences to be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The Court looks to the affidavits and other specific facts to determine whether there is a genuine issue of fact in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III. Analysis

### A. Ineffective Assistance of Counsel at Trial

Molina's ineffective assistance of trial counsel claim fails on the merits. Molina bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in *Strickland*. First, Petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. *Id.* In this case, Molina must show that there is a reasonable probability that, but for his attorney's alleged

---

reviewing "the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7" and is within the discretion of the Court. RULES GOVERNING § 2255 PROCEEDINGS, RULE 8(a).

case, Molina must show that there is a reasonable probability that, but for his attorney's alleged mistakes, he would not have been convicted. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Upon review of the record, the Court finds that Molina is unable to demonstrate that his attorney's performance was deficient. Molina argues that there was insufficient evidence presented at trial to convict him of Count Two, knowingly possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and that his trial counsel provided ineffective assistance by not moving for a dismissal of the charge. However, trial counsel's performance was adequate. At the close of the government's case, trial counsel did in fact argue that the evidence was insufficient to support the firearm charge. Trial Tr. 477–79, Jan. 15, 2004.[2] The fact that the trial court denied the motion and found the evidence sufficient does not make counsel's assistance ineffective. Molina is unable to demonstrate a basis for ineffective assistance because trial counsel acted reasonably by raising the issue.

Furthermore, even if Molina's counsel's performance at the sentencing hearing was deficient in some way, that deficiency would not have prejudiced Molina so as to infringe on his Sixth Amendment rights. To establish actual prejudice, Molina must prove that there is a reasonable probability that the outcome would be different if not for the deficiency. *Strickland*, 466 U.S. at 694. After trial counsel raised the issue, the Court had the opportunity to consider the issue of insufficient evidence and the Court ruled the evidence sufficient. Because the Court heard the arguments and Molina has proffered no evidence that the outcome would change if the arguments were heard again, he is unable to demonstrate actual prejudice. Molina's allegations therefore fail both prongs of the *Strickland* analysis and he is not entitled to relief under § 2255 on this claim.

---

[2] To the extent that Molina had information mitigating the government's evidence on the firearm charge, he declined to testify at trial.

5

## B. Ineffective Assistance of Counsel on Appeal

### 1. Counsel's Failure to Argue the Insufficiency of the Evidence

Molina's ineffective assistance of appellate counsel claim likewise fails on the merits. Molina argues that his appellate counsel provided ineffective assistance by failing to argue to the Fourth Circuit that the trial court lacked sufficient evidence to convict Molina of the firearm charge. *Strickland*'s two-prong test also governs the analysis of this claim. Molina cannot demonstrate that his appellate counsel's performance was deficient because appellate counsel actually did raise the issue on appeal. In his § 2255 memorandum, Molina characterized counsel's work as "counsel merely said the evidence was 'too skimpy.'" This assertion is categorically false. In fact, counsel used three full pages of the appellant's brief to argue that the evidence was insufficient to support the firearm conviction. Brief of Appellant at 3–5, *United States v. Molina*, No. 04-4787 (4th Cir. Aug. 25, 2005). Counsel detailed all three pieces of evidence presented at trial relating to the firearm charge and explained to the court why each could not plausibly support a conviction. This lengthy presentation demonstrates that counsel reasonably assisted Molina by preparing an in-depth argument on the insufficient evidence issue. Appellate counsel was therefore not deficient.

Molina also cannot demonstrate actual prejudice under the second prong. Appellate counsel raised the issue of insufficient evidence and argued it in detail, the court fully considered the issue, and the court upheld the conviction. Because the court heard the arguments and there is no evidence that the outcome would change if the arguments were heard again, Molina cannot demonstrate actual prejudice under the *Strickland* standard. Molina therefore is not entitled to relief under § 2255 on this claim.

### 2. Counsel's Failure to Address Molina's "Newly Discovered Evidence"

6

Molina further argues that his appellate counsel provided ineffective assistance by failing to bring to the attention of the Fourth Circuit certain new evidence that Molina alleges he discovered while imprisoned. This new evidence consisted of personal conversations that Molina had with another prisoner who could offer testimony exonerating him from his drug conviction. The other prisoner would, according to Molina, testify that Molina was never "in possession" of a firearm during any relevant time.

However, Molina's appellate counsel was not ineffective because he did in fact bring this potential evidence to the Fourth Circuit's attention. In Molina's second appeal, appellate counsel filed an *Anders* brief asserting this new evidence, but, pursuant to his duty of candor to the court, acknowledged that "[p]resent counsel is not able to corroborate this claim." Brief of Appellant at 11, *United States v. Molina*, No. 06-4695 (4th Cir. May 7, 2007). Pursuant to *Anders v. California*, 386 U.S. 738, appellate counsel also certified that he reviewed the factual and legal issues in the case and concluded that "there were no legal issues that were not properly raised or disposed of by the District Court, and there are no grounds for an appeal in this case to the Court of Appeals." *Id.* at 13. The new evidence that Molina alleges was not presented to the Fourth Circuit *was* presented to the Fourth Circuit. The fact that both the court and appellate counsel himself believed the "evidence" to be valueless merely means that the evidence was deficient, not counsel's representation. Because counsel's performance was not deficient under the first prong of *Strickland*, Molina's petition must be denied.

**IV. Conclusion**

For the stated reasons, the United States' Motion for Summary Judgment is **GRANTED** and Molina's 28 U.S.C. § 2255 Motion is **DENIED**. An appropriate order shall issue this day.

Molina is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this Court issues a certificate of appealability pursuant to § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Based upon the Court's finding that Molina has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000). If Molina intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of the final order, or within such extended period as the Court may grant pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to the petitioner and counsel of record for the respondent.

**ENTER:** This 8th day of October, 2010.

Senior United States District Judge